James S. Brown, J.
This action in equity which seeks injunctive relief is brought by a group of companies in the plastering business against several individual employee-plasterers. The complaint alleges, among other things, that these defendants have been picketing jobs with placards stating that these jobs are being performed ‘ ‘ in violation of agreement with employees ’ Local No. 30 ”; that said placards are false and misleading in that there is no such violation; that such picketing is unauthor *724 ized by such local union; that defendants are engaged in a ‘ ‘ work stoppage, ’ ’ which has never been sanctioned by the union and that defendants have been ordered to return to work by the union but have refused to do so. They also allege that there is no labor dispute within the meaning of section 876-a of the Civil Practice Act.
On this motion for a temporary injunction to enjoin such picketing pendente lite, it appears from the papers submitted and the arguments that this union has a contract with plaintiffs which contains what is referred to as “ rotation ” clauses providing, in part, that “ Fifty per cent of all plasterers on any job shall be furnished to the employer by the union from the rotation machine of the union. The remaining fifty per cent' may be employed directly by the employers on condition that all plasterers so employed are members of the O. P. & C. M. I. A.” (the union). This rotation system has evidently been a practice in the industry for over 20 years but the employers allege that late in 1956 they were unofficially advised by their attorneys and by some unidentified person in the National Labor Relations Board that such arrangement was illegal and might subject employers to prosecution. The employers, instead of initiating steps to secure an official ruling, refused to continue to comply with the old procedure. This led to a meeting of the members of the union. There is a sharp conflict as to just what the results of that meeting were. There were controversies and since that meeting the officers of the union have, through actions of its parent international union, been superseded, but the legality of that move is challenged by the defendants. Many of the members evidently prefer to retain the rotation system since their lawyer insists that it is perfectly valid and legal.
Defendants contend, and it is not disputed in the submitted papers, that they have offered to return to their former positions if the rotation provisions of their contract are lived up to until the National Labor Relations Board or a court of competent jurisdiction has disposed of the contentions of the employers. This offer seems fair and reasonable and the court is at a loss to understand why it has not been accepted.
Plaintiffs contend that an unauthorized work stoppage exists here and that since the National Labor Relations Board has not as yet decided to accept jurisdiction of this matter this court is not preempted from acting. Defendants contend that a “ labor dispute ” exists here over which this court has no jurisdiction because the National Labor Relations Board has already assumed jurisdiction. Defendants’ point is well taken since *725 from exhibits before the court it appears that the controversy is presently being entertained by the National Labor Relations Board and that an index Case No. 2-CY-2026 has already been assigned. As a matter of fact, plaintiffs’ formal charges were filed with that body on August 23,1957.
In any event, this court finds that there is a“ labor dispute ’ ’ here, as defined by section 876-a (subd. 10, par. [c]) of the Civil Practice Act which embraces 1 ‘ any controversy concerning terms or conditions of employment * * * or any other controversy arising out of the respective interests of employer and employee ”, and that jurisdiction over this matter has been assumed by the National Labor Relations Board.
Under the circumstances, the application for a temporary injunction is denied and the injunction now existing is vacated.
Submit order on notice.